1    REBECCA BENHURI, BAR NO. 209443
     rbenhuri@littler.com
2    LITTLER MENDELSON, P.C.
     333 Bush Street
3    34th Floor
     San Francisco, California 94104
4    Telephone:　415.433.1940
     Fax No.:　　415.399.8490
5

6    Attorneys for Defendant
     TRIMARK USA, LLC

7

8                 UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12   CHARLES KELLEY, | Case No: |
| 13         Plaintiff, | [San Francisco Case No: CGC-21-593034] |
| 14     v. | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** |
| 15   TRIMARK USA, LLC, and DOES 1-25, inclusive, | |
| 16         Defendants. | Complaint Filed: June 22, 2021 (originally filed in California Superior Court, County of San Francisco) |
| 17 | |
| 18 | |

19
20   **TO THE CLERK OF THE ABOVE-ENTITLED COURT, CHARLES KELLEY AND HIS**

21   **ATTORNEYS OF RECORD:**

22        PLEASE TAKE NOTICE THAT Defendant TRIMARK USA, LLC ("Defendant") hereby

23   removes the above-captioned action from the Superior Court for the State of California, County of

24   San Francisco, to the United States District Court for the Northern District of California pursuant to

    28 U.S.C. §§ 1332, 1441, and 1446.

25        This removal is based upon the original jurisdiction of the federal district court over the parties

26   under 28 U.S.C. § 1332 based upon complete diversity of citizenship. Defendant makes the following

27   allegations in support of its Notice of Removal:

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446

## STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, if it is a civil action between citizens of different states and no defendant is a citizen of the State of California. As set forth below, this case meets each of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

2.      The action was filed in Superior Court of the State of California, San Francisco County. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1441(a) and 1446(a).

## PLEADINGS, PROCESS AND ORDERS

3.      On June 22, 2021, an action was commenced in the Superior Court for the State of California, County of San Francisco, entitled *Charles Kelley, an individual, Plaintiff v. Trimark USA, LLC; and DOES 1-25, inclusive, Defendants*, as case number CGC-21-593034 (the "Complaint"). The Complaint asserts the following causes of action: (1) discrimination based on disability); (2) age discrimination; (3) retaliation for filing a workers' compensation claim; (4) failure to provide reasonable accommodation; (5) failure to engage in interactive process; (6) failure to prevent discrimination; (7) violation of San Francisco "back to work ordinance" and (8) wrongful termination in violation of public policy. Plaintiff seeks loss of earning and earning ability, general and compensatory damages for emotional distress, reasonable attorneys' fees, punitive and exemplary damages, and costs of suit. A copy of the Summons and Complaint believed to have been filed with the Court, is attached to the accompanying Declaration of Rebecca Benhuri ("Benhuri Decl.") as Exhibit A.

4.      On December 21, 2021, Defendant was served with a Civil Case Cover Sheet, Summons, Complaint, Notice of Case Management Conference and Order, and ADR Information Packet. A copy of the documents served on Defendant are attached to the accompanying Declaration

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446

of Karen Vail ("Vail Decl.") as Exhibit 1. *See* Vail Decl. at ¶ 5, Ex. 1.

5.      On January 20, 2022, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of California, County of San Francisco, including a general denial and affirmative defenses. A copy of Defendant's Answer is attached to the accompanying Benhuri Declaration as Exhibit B.

6.      Pursuant to 28 U.S.C. ¶ 1446(d), the attached exhibits constitute all process, pleadings and orders served on Defendant or filed without notice to Defendant or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in San Francisco County Superior Court or served by any party.

7.      As of the date of this Notice of Removal, no other parties have been named in this action.

8.      As of the date of this Notice of Removal, Defendant is the only defendant that has been served with the Summons and Complaint in this action.

9.      There is an initial Case Management Conference scheduled in the state court action on March 30, 2022. To Defendant's knowledge, no other proceedings related hereto have been heard or are currently scheduled in San Francisco County Superior Court.

## TIMELINESS OF REMOVAL

10.      This Notice of Removal is timely filed as it is filed within thirty (30) days of December 21, 2021, the date of service of the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

11.      The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

> (1)  citizens of different States. . .

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446

1  Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different

2  states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth

3  below.

4      **A.    Diversity of Citizenship**

5      12.    To establish citizenship for diversity purposes, a natural person must be both a citizen

6  of the United States and a domiciliary of a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704

7  F.2d 1088, 1090 (9th Cir. 1983). An individual is a citizen of any state where he or she domiciled at

8  the time the lawsuit is filed. *Kantor*, 704 F.2d at 1090; *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d

9  514, 520 (10th Cir. 1994) (party's residence is *prima facie* evidence of domicile for purposes of

10  determining citizenship).

11      13.    Plaintiff is domiciled and resides in the State of California. Complaint ¶ 2, attached

12  hereto as Exhibit A. Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

13      14.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of

14  incorporation and/or the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). At

15  the time this action was commenced in state court, Defendant was a limited liability corporation

16  organized under the laws of the State of Delaware. *See* Vail Decl. at ¶ 3, attached hereto as Exhibit B.

17  In addition, at the time this action was commenced, Defendant's corporate offices and headquarters—

18  which house its executive and administrative functions are located in Mansfield, Massachusetts. *Id.* at

19  ¶ 4. Thus, at the time this action was commenced and at the time of removal, Defendant was and is a

20  citizen of the States of Delaware and Massachusetts. *See Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-

21  93 (2010) (the principal place of business is "where a corporation's officers direct, control, and

22  coordinate the corporation's activities"); *see also Breitman v. May Co. California*, 37 F.3d 562, 564

23  (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and

24  where its executive and administrative functions are performed).

25      15.    No other party has been named or served as of the date of this removal. The presence

26  of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. §

27  1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446

fictitious names shall be disregarded").

16.     Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and/or Massachusetts. Accordingly, the minimal diversity requirement of 28 U.S.C. section 1332(d)(2)(a) is satisfied.

17.     The caption of Plaintiff's Complaint also names as Defendants "Does 1-25."[1] Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious defendant has been served, thus none need join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

**B.     The Amount in Controversy Exceeds $75,000**

18.     Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

19.     Economic damages, non-economic damages, general damages, attorneys' fees and costs and punitive damages are all included in determining the amount in controversy. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.*

---

[1] The body of the Complaint itself identifies "Defendants DOES 1 through 10." Benhuri Decl., Exhibit A, Complaint at ¶ 5.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

5

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446

20.     The amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and each of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332.

a)     Plaintiff's Complaint seeks, *inter alia*, the following relief for Plaintiff: general damages, special damages including lost wages and lost employee benefits, punitive damages, pre- and post-judgment interests, and attorney's fees and costs. *See* Benhuri Decl., Exhibit A, Complaint, Prayer for Relief, p. 16.

b)     Plaintiff alleges that Defendant terminated his employment May 12, 2020. *See* Benhuri Decl., Exhibit A, Complaint at ¶ 19. At the time of his termination, Plaintiff's rate of pay was approximately $17.00 per hour and he worked approximately 40 hours per week. *See* Vail Decl. at ¶ 6, attached hereto as Exhibit B. Based on weekly earnings of approximately $680.00, if Plaintiff were to prevail on his claim he could be entitled to lost earnings (*e.g.*, back pay) of approximately $66,000 through March 30, 2022 – the date of the initial case management conference set in this matter – with that amount growing as this case progresses.[2]

c)     In addition, Plaintiff's lost earnings allegations do not contain a limit in their temporal scope. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only one year after the initial case management conference set in this matter, the amount of future wages in controversy in this case[3] would total at least an additional $35,000.[4]

---

[2] $17/hour x 40 hours/week x 98 weeks [May 12, 2020 to March 30, 2022] = $66,640.
[3] Some of what is characterized as "front pay" herein would necessarily be "back pay" at the time of adjudication of Plaintiff's claims. *Lowe v. Cal. Res. Agency*, 1 Cal. App. 4th 1140, 1144 (1991) ("(B)ack pay refers to the amount that plaintiff would have earned but for the employer's unlawful conduct, minus the amount that plaintiff did earn or could have earned if he or she had mitigated the loss by seeking or securing other comparable employment."); *Pollard v. E.I. du Pont de Nemours & Co.* 532 U.S. 843, 853 (2001) ("A front pay…award is the monetary equivalent of the equitable remedy of reinstatement."). Whether alleged lost wages for the months between the filing of Plaintiff's Complaint and trial is characterized as a "back pay" or "front pay" remedy, the total amount in controversy related to alleged wage loss remains the same.
[4] $17/hour x 40 hours/week x 52 weeks [March 30, 2022 to March 30, 2023] = $35,360.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446

d)      Plaintiff also alleges that he is entitled to general damages. *See* Benhuri Decl., Exhibit A, Complaint, Prayer for Relief, p. 16. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of the City of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages, for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000).

e)      Additionally, Plaintiff seeks attorneys' fees and costs. *See* Benhuri Decl., Exhibit A, Complaint, Prayer for Relief, p. 16. The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorneys' fees] are 'at stake' in the litigation). In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail on his claims. *See Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). At an assumed rate of $400 per hour, Plaintiff's counsel would need to spend only 187.5 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (187.5 x $400 = $75,000).  Moreover, attorneys' fees awards in employment matters often exceed $75,000. *See, e.g., Flannery v. Prentice*, 26 Cal.4th 572 (2001) (California Supreme Court upheld award of attorneys' fees under Fair Employment and Housing Act ("FEHA") for $891,042). Thus an attorneys' fees award in this case could easily reach or exceed $75,000.

f)      Plaintiff also seeks to recover punitive damages. *See* Benhuri Decl., Exhibit A, Complaint, Prayer for Relief, p. 16. The potential punitive damages award alone against a defendant such as Trimark USA, LLC may satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code §3294, and the proper amount of punitive damages under California law is based on the

reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages and ratio between damages and defendant's net worth. *Boyle v. Lorimar Prods., Inc.,* 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n,* 325 F. 2d 785, 787 (9th Cir. 1963). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum.

g)  Adding together Plaintiff's potential lost earnings damages, damages for emotional distress, punitive damages and attorneys' fees, the amount in controversy here easily exceeds $75,000, exclusive of interests and costs. Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. As such, the United States District Court for the Northern District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. §1441(b).

## NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

21.  Pursuant to 28 U.S.C. section 1446(d), Defendant is providing written notice of this removal to Plaintiff, Plaintiff's counsel, and a copy of this notice to the Clerk of the Superior Court of California, County of San Francisco.

22.  In addition, a Notice of Stay of Proceedings is being filed with the Clerk of the Superior Court, County of San Francisco, as a result of this Notice of Removal.

## CONCLUSION

23.  Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California.

///

///

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446

1    Dated: January 20, 2022

2                                                    LITTLER MENDELSON, P.C.

3

4                                                    /s/ Rebecca Benhuri
                                                     REBECCA BENHURI
5                                                    Attorneys for Defendant
                                                     TRIMARK USA, LLC
6

7    4888-4491-2650.1 / 092967-1017

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446