# EXHIBIT 1

# EXHIBIT 1

**NOTICE OF CONFIDENTIALITY**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right; border:1px solid; text-align:center">
FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRIMARK USA, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLES KELLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Civic Center Courthouse<br>400 McAllister St.<br>San Francisco CA 94102 | CASE NUMBER:<br>*(Número del Caso):* cgc-21-593034<br><br>~~CGC-21-593034~~ |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth N. Frucht 178881      **(510) 254-3777**
825 Washington Street, Suite 220 Oakland CA 94607

| DATE: **12/16/2021**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **KAREN VALDES** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Trimark USA, LLC

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Kenneth N. Frucht 178881<br>Geonetta & Frucht LLP<br>825 Washington Street, Suite 220 Oakland CA 94607<br>TELEPHONE NO.: (510) 254-3777   FAX NO. *(Optional):* (510) 356-2633<br>ATTORNEY FOR *(Name):* Charles Kelley | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**06/22/2021**<br>**Clerk of the Court**<br>BY: JACKIE LAPREVOTTE<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: KELLEY v. TRIMARK USA, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>**CGC-21-593034** |
|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve             courts in other counties, states, or countries, or in a federal
   c. ☐ Substantial amount of documentary evidence              court
                                                             f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 21, 2021

Kenneth N. Frucht                                    ▶
_____                     _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

CASE NUMBER: CGC-21-593034  CHARLES KELLEY VS. TRIMARK, USA, LLC ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** **NOV-24-2021**
>
> **TIME:** **10:30AM**
>
> **PLACE:** **Department 610**
> **400 McAllister Street**
> **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

1  KENNETH FRUCHT, State Bar No. 178881
2  FREDERICK J. GEONETTA, State Bar No. 114824
   **GEONETTA & FRUCHT, LLP**
3  825 Washington Street, Suite 220
   Oakland, CA 94607
4  Telephone: (510) 254-377

5  Attorneys for Plaintiff CHARLES KELLEY

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/22/2021**
**Clerk of the Court**
BY: JACKIE LAPREVOTTE
Deputy Clerk

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9          **FOR THE CITY AND COUNTY OF SAN FRANCISCO**

10                  **[UNLIMITED JURISDICTION]**

11

12  CHARLES KELLEY                    **CASE NO.:**                 **CGC-21-593034**

13        Plaintiff,                  1.  **Discrimination Based on Disability (Gov.**
                                          **Code § 12940 *et seq.*)**
14        v.                          2.  **Discrimination Based on Age**
                                      3.  **Retaliation for Filing a Workers'**
15                                        **Compensation Claim (Lab. Code 132a)**
16  TRIMARK USA, LLC, and DOES 1–     4.  **Failure to Provide Reasonable**
    25, inclusive,                        **Accommodation (Gov. Code § 12940 *et**
17                                        ***seq.*)**
          Defendants.                 5.  **Failure to Engage in Interactive Process**
18                                        **(Gov. Code § 12940 *et seq.*)**
19                                    6.  **Failure to Prevent Discrimination and**
                                      7.  **Violation of San Francisco "Back-To-**
20                                        **Work Emergency Ordinance**
                                      8.  **Wrongful Termination in Violation of**
21                                        **Public Policy**

22
                                      **JURY TRIAL DEMANDED**
23

24  **PLAINTIFF Charles Kelley alleges as follows:**

25                  **NATURE OF THE ACTION**

26      1.     This is an action brought under the Fair Employment and Housing Act

27

28                                    1

1   ("FEHA"), the California Constitution, California common law, and provisions of the

2   California labor code.

3                                        **PARTIES**

4       2.      Plaintiff Charles Kelley ("PLAINTIFF") is, and at all times relevant herein was a

5   resident of San Francisco, California and was employed as a warehouse worker and stocker by

6   Defendant TRIMARK USA.  PLAINTIFF is 63 years old.

7       3.      Defendant TRIMARK USA, LLC ("TRIMARK") is a Delaware corporation

8   with its principal place of business in Massachusetts, does business in the State of California.

9       4.      At all times material to his complaint, Defendant TRIMARK was PLAINTIFF's

10  employer as that term is defined by FEHA.

11      5.      In addition to the Defendants named above, PLAINTIFF sues fictitiously

12  Defendants DOES 1 through 10, inclusive, pursuant to Code of Civil Procedure §474, because

13  their names, capacities, and status are not presently known. PLAINTIFFs are informed and

14  believe, and thereon allege, that each of the fictitiously named Defendants is responsible in

15  some manner for the occurrences herein alleged, and such Defendants caused PLAINTIFF's

16  damages as herein alleged. PLAINTIFF will amend this complaint to show their true names and

17  capacities, together with appropriate charging language, when such information has been

18  ascertained.

19      6.      PLAINTIFF is informed and believes, and thereupon alleges, that each of the

20  Defendants was at all times relevant here the agent, servant, employee, and/or representative of

21  the other Defendant and was acting, at least in part, within the course and scope of such

22  relationship and that each and every Defendant herein is jointly and severally responsible and

23  liable to PLAINTIFF for the damages hereinafter alleged.

24                              **JURISDICTION AND VENUE**

25      7.      PLAINTIFF brings this action pursuant to and under the provisions of the Fair

26  Employment and Housing Act, California Government Code § 12940, *et seq.* California

27

28                                           2

1   Constitution, Article I, §1; and other common and statutory laws, as well as various provisions

2   of the California Labor Code.

3        8.      Venue is proper in this Court because and all the relevant acts of the parties

4   occurred in this county.  Venue is also proper in San Francisco because the alleged acts that are

5   in violation of Cal. Gov. Code § 12940 *et seq.*  occurred at the offices of TRIMARK in the

6   County of San Francisco.

7                     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8        9.      PLAINTIFF filed a charge of discrimination with the DFEH against Defendant

9   TRIMARK and Defendant about June 19, 2021, and the DFEH thereafter issued a Right-To-Sue

10  letter.

11                            **FACTUAL ALLEGATIONS**

12       10.     PLAINTIFF was hired and started working at TRIMARK as a warehouse

13  worker on or about June 13, 2016.

14       11.     From the date of his hire until his termination on March 20, 2020, PLAINTIFF's

15  work performance was exemplary, and he had no work-related disciplinary actions or write-ups

16  issued against him.

17       12.     On or about October 29, 2019, PLAINTIFF was injured at work, suffering a torn

18  rotator cuff.  Plaintiff immediately told his supervisor about the injury, who sent PLAINTIFF

19  across the street to Cocentra, Trimark's Workers Compensation Carrier.  PLAINTIFF was

20  advised first try physical therapy and scheduled for three appointments in November.

21       13.     PLAINTIFF went to his doctor and physical therapy appointments in November

22  2020, but they did not resolve his injury.  PLAINTIFF was then given a cortisone injection, but

23  that also did not help.

24       14.     After the cortisone shot did not work PLAINTIFF underwent an MRI, which

25  showed that he had Osteoarthritis, and a torn rotor cuff.  On December 23, 2019, the workers'

26  compensation doctors recommended surgery and scheduled PLAINTIFF for surgery on January

27

28                                    3

1    2, 2020.

2         15.    PLAINTIFF's doctor completed the paperwork for PLAINTIFF's surgery, but

3    the surgery request was denied by the workers' compensation administrator.

4         16.    The workers' compensation administrator did not approve his surgery until

5    March 23, 2020, after the Covid-19 pandemic had started, thus preventing the scheduling of

6    surgery for PLAINTIFF.

7         17.    PLAINTIFF continued to work full-time without interruption since his injury.

8    He was unable, because of his injury, to use his right arm.

9         18.    Between the time of his injury and the date of his termination, PLAINTIFF was

10   asked to train another warehouse worker who had been working at TRIMARK for

11   approximately four months.

12        19.    On March 20, 2020, as he was clocking out, PLAINTIFF was called into HR and

13   terminated from his job by company president Chris Holman.  Holman did not explain why he

14   was terminating PLAINTIFF but told him that "we've had to keep people that were above you."

15        20.    Plaintiff is informed and believes and thereupon alleges that Homan's

16   representation that TRIMARK was keeping employees who had more seniority than

17   PLAINTIFF was false.  In fact, TRIMARK terminated PLAINTIFF while continuing to employ

18   other employees with less seniority than PLAINTIFF, including one employee that TRIMARK

19   had asked PLAINTIFF to train.

20        21.    After terminating PLAINTIFF, TRIMARK approved his doctor's surgery

21   request.  However, because of the pandemic, PLAINTIFF was not able to schedule his surgery

22   until September 11, 2020.

23        22.    Plaintiff is informed and believes and thereupon alleges that after he was

24   terminated, and in violation of the San Francisco "Back-To-Work Emergency Ordinance"

25   TRIMARK hired other employees without offering to rehire PLAINTIFF.

26        23.    Plaintiff is informed and believes and thereupon alleges that TRIMARK

27   terminated PLAINTIFF because he was disabled by being unable to use his right arm, because

28                                          4

1   he applied for Worker's Compensation, and because he was over the age of 40.

2        24.    Plaintiff is informed and believes and thereupon alleges that TRIMARK used

3   Covid-19 as a pretext to terminate him for the reasons described above.

4        25.    As a direct and proximate cause of the wrongful termination, the deception, and

5   the mistreatment by Defendants, PLAINTIFF suffered emotional distress and economic

6   damages in an amount to be determined at trial.

7                         **FIRST CAUSE OF ACTION**

8            **(DISCRIMINATION BASED ON DISABILITY**

      **IN VIOLATION OF CAL. GOV. CODE SECTION 12940 ET SEQ.)**

9              (Against Defendant TRIMARK and Does 1-25)

10       26.    PLAINTIFF incorporates by reference the allegations set forth above as though

11   fully restated herein.

12       27.    At all times material to this complaint, PLAINTIFF was an employee, and

13   Defendant TRIMARK was and Employer within the meaning of FEHA.

14       28.    PLAINTIFF's torn rotor cuff and inability to use his right arm are disabilities

15   within the meaning and scope of the FEHA and PLAINTIFF was disabled his injury.

16       29.    Under the FEHA, it is an unlawful employment practice for an employer to

17   discriminate against an employee, including discharging the employee or discriminating based

18   on the terms and conditions of employment, because of his disability.

19       30.    Defendant TRIMARK was informed and knew that PLAINTIFF was disabled

20   by his injury.

21       31.    Defendant TRIMARK terminated PLAINTIFF, and a substantial motivating

22   reason for the termination was PLAINTFF's disability.

23       32.    The above-described actions and omissions of the Defendant in terminating

24   PLAINTIFF constitutes discrimination based on disability, in violation of the FEHA, in that

25   the Defendant terminated PLAINTIFF in whole or in part because of his disability.

26       33.    As a direct and proximate result of the unlawful conduct of Defendant

27

28

<div align="center">5</div>

1   TRIMARK, PLAINTIFF has suffered damages including but not limited to past and future loss

2   of income, benefits, and other damages in an amount to be proven at time of trial.

3        34.     As a direct and proximate result of Defendant's actions against PLAINTIFF

4   as alleged above, PLAINTIFF has suffered and will continue to suffer mental and emotional

5   distress, including but not limited to frustration, depression, nervousness, anxiety and loss of

6   self-worth, and damage to his reputation.

7        35.     The unlawful conduct alleged above was engaged in by the officers,

8   directors, supervisors and/or managing agents of Defendant, and each of them, who were

9   acting at all times relevant to this Complaint within the scope and course of their

10  employment.  Defendant TRIMARK is therefore liable for the conduct of said agents and

11  employees under the doctrine of strict liability.

12       36.     Defendant committed the acts herein alleged maliciously, fraudulently, and

13  oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper

14  and evil motive amounting to malice and/or oppression, and in conscious disregard for

15  PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by

16  officers, directors, and/or managing agents of Defendant.  PLAINTIFF is therefore entitled to

17  recover and herein prays for punitive damages in an amount sufficient to punish and deter

18  Defendant and others for such conduct.

19       37.     PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in

20  the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under

21  all applicable provisions of law.

22       WHEREFORE, PLAINTIFF prays for judgment as set forth below.

23                          **SECOND CAUSE OF ACTION**
                            (DISCRIMINATION BASED ON AGE
24              IN VIOLATION OF CAL. GOV. CODE SECTION 12940 ET SEQ.)
25                      (Against Defendant TRIMARK and Does 1-25)

26       38.     PLAINTIFF incorporates by reference the allegations set forth above as though

27  fully restated herein.

28                                       6
     COMPLAINT FOR DAMAGES
     KELLEY v. TRIMARK USA, LLC , San Francisco Superior Court Case No. _____

1      39.     At all times material to this complaint, PLAINTIFF was an employee, and

2   Defendant TRIMARK was and Employer within the meaning of FEHA and over the age of forty.

3      40.     Under the FEHA, it is an unlawful employment practice for an employer to

4   discriminate against an employee, including discharging the employee or discriminating based

5   on age.

6      41.     Defendant TRIMARK terminated PLAINTIFF, and a substantial motivating

7   reason for the termination was PLAINTFF's age.

8      42.     As a direct and proximate result of the unlawful conduct of Defendant

9   TRIMARK, PLAINTIFF has suffered damages including but not limited to past and future loss

10  of income, benefits, and other damages in an amount to be proven at time of trial.

11     43.     As a direct and proximate result of Defendant's actions against PLAINTIFF

12  as alleged above, PLAINTIFF has suffered and will continue to suffer mental and emotional

13  distress, including but not limited to frustration, depression, nervousness, anxiety and loss of

14  self-worth, and damage to her reputation.

15     44.     The unlawful conduct alleged above was engaged in by the officers,

16  directors, supervisors and/or managing agents of Defendants, and each of them, who were

17  acting at all times relevant to this Complaint within the scope and course of their

18  employment. Defendant TRIMARK is therefore liable for the conduct of said agents and

19  employees under the doctrine of strict liability.

20     45.     Defendant committed the acts herein alleged maliciously, fraudulently, and

21  oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper

22  and evil motive amounting to malice and/or oppression, and in conscious disregard for

23  PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by

24  officers, directors, and/or managing agents of Defendant. PLAINTIFF is therefore entitled to

25  recover and herein prays for punitive damages in an amount sufficient to punish and deter

26  Defendant and others for such conduct.

27

28                          7

1    46.    PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in

2    the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under

3    all applicable provisions of law.

4        WHEREFORE, PLAINTIFF prays for judgment as set forth below.

5                          **THIRD CAUSE OF ACTION**

6    **(RETALIATION BASED ON PLAINTIFF'S FILING OF A WORKER'S COMPENSATION CLAIM
     IN VIOLATION OF CAL. GOV. CODE SECTION 12940 ET SEQ.)**

7                   (Against Defendant TRIMARK and Does 1-25)

8    47.    PLAINTIFF incorporates by reference the allegations set forth above as though

9    fully restated herein.

10    48.    At all times material to this complaint, PLAINTIFF was an employee, and

11    Defendant TRIMARK was and Employer within the meaning of FEHA and over the age of forty.

12    49.    Under the FEHA, it is an unlawful employment practice for an employer to

13    retaliate against an employee, including discharging the employee or discriminating based on

14    the employee having filed a workers' compensation claim.

15    50.    Defendant TRIMARK terminated PLAINTIFF, and a substantial motivating

16    reason for the termination was his filing of a workers' compensation claim.

17    51.    As a direct and proximate result of the unlawful conduct of Defendant

18    TRIMARK, PLAINTIFF has suffered damages including but not limited to past and future loss

19    of income, benefits, and other damages in an amount to be proven at time of trial.

20    52.    As a direct and proximate result of Defendant's actions against PLAINTIFF

21    as alleged above, PLAINTIFF has suffered and will continue to suffer mental and emotional

22    distress, including but not limited to frustration, depression, nervousness, anxiety and loss of

23    self-worth, and damage to her reputation.

24    53.    The unlawful conduct alleged above was engaged in by the officers,

25    directors, supervisors and/or managing agents of Defendants, and each of them, who were

26    acting at all times relevant to this Complaint within the scope and course of their

27    employment. Defendant TRIMARK is therefore liable for the conduct of said agents and

28                                          8

1    employees under the doctrine of strict liability.

2    54.    Defendant committed the acts herein alleged maliciously, fraudulently, and

3    oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper

4    and evil motive amounting to malice and/or oppression, and in conscious disregard for

5    PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by

6    officers, directors, and/or managing agents of Defendant.  PLAINTIFF is therefore entitled to

7    recover and herein prays for punitive damages in an amount sufficient to punish and deter

8    Defendant and others for such conduct.

9    55.    PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in

10   the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under

11   all applicable provisions of law.

12   WHEREFORE, PLAINTIFF prays for judgment as set forth below.

13
14   **FOURTH CAUSE OF ACTION**
     **(FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF**
     **CALIFORNIA GOVERNMENT CODE SECTION 12940 ET SEQ.)**
15   (Against Defendant TRIMARK and Does 1-25)

16   56.    PLAINTIFF re-alleges and incorporates herein by reference the above

17   paragraphs as though fully set forth herein.

18   57.    At all times herein mentioned, the Defendant qualified as "employers" as defined

19   within California Fair Employment and Housing Act (California Government Code 12940, et.

20   seq., or "FEHA"), in that they each regularly employed five or more workers.

21   58.    At all times herein mentioned, PLAINTIFF was an employee of Defendant.

22   59.    Defendant knew or should have known that PLAINTIFF had a disability and

23   failed to make a reasonable accommodation for PLAINTIFF's known disability.

24   60.    As a direct and proximate result of the unlawful conduct of Defendant

25   TRIMARK, PLAINTIFF has suffered damages including but not limited to past and future loss

26   of income, benefits, and other damages to be proven at time of trial.

27

28
                                    9

61.     As a direct and proximate result of Defendant's actions against PLAINTIFF, as alleged above, PLAINTIFF has suffered and will continue to suffer mental and emotional distress, including but not limited to frustration, depression, nervousness, anxiety and loss of self-worth, and damage to her reputation.

62.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendant TRIMARK, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendant TRIMARK is therefore liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

63.     Defendant's actions directed at PLAINTIFF were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage PLAINTIFF.

64.     Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice and/or oppression, and in conscious disregard for PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by officers, directors, and/or managing agents of Defendant.  PLAINTIFF is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

65.     As a result of the conduct of Defendant TRIMARK, Plaintiff was forced to retain an attorney in order to protect his rights.  Accordingly, PLAINTIFF seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
**(FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF CAL. GOV. CODE § 12900 ET SEQ.)**
(Against Defendant TRIMARK and Does 1-25)

66.     PLAINTIFF incorporates by reference the allegations set forth above as though

**10**

1    fully restated herein.

2        67.    At all times material to this complaint, PLAINTIFF was an employee, and

3    Defendant TRIMARK was and Employer within the meaning of FEHA.

4        68.    PLAINTIFF's anxiety and stress disorder are a disability within the meaning

5    and scope of the FEHA and PLAINTIFF was disabled by her anxiety and stress and unable to

6    work.

7        69.    As stated above, Defendant knew that PLAINTIFF had a disability, and failed

8    to make a reasonable accommodation for his condition by allowing a temporary leave of

9    absence to undergo surgery.

10       70.    Defendant failed to initiate, participate in or engage in a timely good-faith

11   interactive process with Plaintiff to determine whether a reasonable accommodation could be

12   made, and that failure was a substantial factor in causing PLAINTIFF harm.  PLAINTIFF's

13   damages include, but are not limited to loss of income, humiliation, embarrassment, mental

14   and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals

15   in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

16       71.    As a direct and proximate result of Defendants' actions against PLAINTIFF

17   as alleged above, PLAINTIFF has suffered and will continue to suffer mental and emotional

18   distress, including but not limited to frustration, depression, nervousness, anxiety and loss of

19   self-worth, and damage to his reputation.

20       72.    The unlawful conduct alleged above was engaged in by the officers,

21   directors, supervisors and/or managing agents of Defendants, and each of them, who were

22   acting at all times relevant to this Complaint within the scope and course of their

23   employment.  Defendant TRIMARK is therefore liable for the conduct of said agents and

24   employees under the doctrine of strict liability.

25       73.    Defendant committed the acts herein alleged maliciously, fraudulently, and

26   oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper

27

28

1    and evil motive amounting to malice and/or oppression, and in conscious disregard for

2    PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by

3    officers, directors, and/or managing agents of Defendant.  PLAINTIFF is therefore entitled to

4    recover and herein prays for punitive damages in an amount sufficient to punish and deter

5    Defendant and others for such conduct.

6       74.      PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in

7    the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under

8    all applicable provisions of law.

9       WHEREFORE, Plaintiff prays for judgment as set forth below.

10   <div align="center">

**SIXTH CAUSE OF ACTION**

11   **(FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**
**IN VIOLATION OF CAL. GOV. CODE SECTION 12940 ET SEQ.)**

12   (Against Defendant TRIMARK and Does 1-25)
</div>

13      75.      PLAINTIFF incorporates by reference the allegations set forth above as though

14   fully restated herein. PLAINTIFF incorporates by reference the allegations set forth above as

15   though fully restated herein.

16      76.      At all times material to this complaint, PLAINTIFF was an employee, and

17   Defendant TRIMARK was and Employer within the meaning of FEHA.

18      77.      PLAINTIFF's torn rotor cuff and inability to use his right arm is a disability

19   within the meaning and scope of the FEHA and PLAINTIFF.

20      78.      It is an unlawful employment practice under the FEHA, Government Code §

21   12940, for an employer to fail to take all reasonable steps necessary to prevent discrimination

22   from occurring.

23      79.      Defendant failed to prevent, and in fact allowed discriminatory conduct by

24   terminating PLAINTIFF from his job.

25      80.      On information and belief, the Defendant failed to maintain and enforce

26   adequate policies and procedures, failed to provide adequate training of personnel, and failed

27

28

**COMPLAINT FOR DAMAGES**
KELLEY v. TRIMARK USA, LLC , San Francisco Superior Court Case No._____

1    to take other reasonable steps necessary to prevent the violations of the FEHA alleged herein

2    from occurring.

3        81.    The above-described actions and omissions of the Defendants constitute failure

4    to prevent discrimination and retaliation under FEHA.

5        82.    As a direct and proximate result of Defendants' actions against PLAINTIFF

6    as alleged above, PLAINTIFF has suffered and will continue to suffer mental and emotional

7    distress, including but not limited to frustration, depression, nervousness, anxiety and loss of

8    self-worth, and damage to her reputation.

9        83.    The unlawful conduct alleged above was engaged in by the officers,

10    directors, supervisors and/or managing agents of Defendant, who were acting at all times

11    relevant to this Complaint within the scope and course of their employment.  Defendant

12    TRIMARK is therefore liable for the conduct of said agents and employees under the

13    doctrine of strict liability.

14        84.    Defendant committed the acts herein alleged maliciously, fraudulently, and

15    oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper

16    and evil motive amounting to malice and/or oppression, and in conscious disregard for

17    PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by

18    officers, directors, and/or managing agents of Defendant.  PLAINTIFF is therefore entitled to

19    recover and herein prays for punitive damages in an amount sufficient to punish and deter

20    Defendant and others for such conduct.

21        85.    PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in

22    the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under

23    all applicable provisions of law.

24        86.    The conduct previously alleged violates California Government Code Section

25        WHEREFORE, PLAINTIFF prays for judgment as set forth below.

26

27

28

**COMPLAINT FOR DAMAGES**
KELLEY v. TRIMARK USA, LLC , San Francisco Superior Court Case No. _____

### SEVENTH CAUSE OF ACTION
#### (VIOLATION OF THE BACK-TO-WORK EMERGENCY ORDINANCE)
(Against Defendant TRIMARK and Does 1-25)

87.     PLAINTIFF incorporates by reference the allegations set forth above as though fully restated herein.

88.     On April 6, 21, the San Francisco Board of Supervisors passed the "Right to Reemployment Following Layoff Due to Covid19 Pandemic Ordinance (the "Ordinance").  The Ordinance took effect on July 3, 2020.

89.     Pursuant to the Ordinance, all employers who lay off employees because of Covid 19, are required to offer to rehire the employee before hiring another person for the same or similar job classification.

90.     TRIMARK is a covered employer pursuant to the provisions of the Ordinance.

91.     Plaintiff is informed and believes and thereupon alleges that TRIMARK hired other persons to fill PLAINTIFF's job classification without offering to rehire PLAINTIFF to his position.

92.     As a direct and proximate result of Defendant's actions against PLAINTIFF, as alleged above, PLAINTIFF has suffered and will continue to suffer severe mental and emotional distress, including but not limited to frustration, humiliation, embarrassment, stress, depression, nervousness, anxiety and loss of self-worth, and damage to his reputation.

93.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendant, and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment.

94.     Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice and/or oppression, and in conscious disregard for PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by officers, directors, and/or managing agents of Defendant.  PLAINTIFF is therefore entitled to

14

1    recover and herein prays for punitive damages in an amount sufficient to punish and deter

2    Defendant and others for such conduct.

3        95.    As a result of the conduct of Defendant, PLAINTIFF was forced to retain an

4    attorney in order to protect her rights.  Accordingly, PLAINTIFF seeks the reasonable

5    attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

6        96.    Defendant TRIMARK fired PLAINTIFF because he filed a claim for workers'

7    compensation.

8        WHEREFORE, PLAINTIFF prays for judgment as set forth below.

9                            **EIGHTH CAUSE OF ACTION**
10                  **(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**
                        (Against Defendant TRIMARK and Does 1-25)
11
         97.    PLAINTIFF incorporates by reference the allegations set forth above as though
12
     fully restated herein.
13
         98.    At all times relevant herein, PLAINTIFF was employed by Defendant
14
     TRIMARK until his termination in or about March 20, 2020.
15
         99.    California has a fundamental, substantial, and well-established public policy, as
16
     expressed in FEHA and other laws and regulations, against discrimination and retaliation in the
17
     workplace.  Defendant TRIMARK and Does 1-25 violated these important public policies by
18
     terminating PLAINTIFF, in whole or in part and because of his application for Workers
19
     Compensation, because of his age, and because of his disability.
20
         100.   As a direct and proximate result of Defendant's actions against PLAINTIFF, as
21
     alleged above, PLAINTIFF has suffered and will continue to suffer severe mental and
22
     emotional distress, including but not limited to frustration, humiliation, embarrassment, stress,
23
     depression, nervousness, anxiety and loss of self-worth, and damage to his reputation.
24
         101.   The unlawful conduct alleged above was engaged in by the officers, directors,
25
     supervisors and/or managing agents of Defendant, and each of them, who were acting at all
26
     times relevant to this Complaint within the scope and course of their employment.
27

28
                                          15

1    102.   Defendant committed the acts herein alleged maliciously, fraudulently, and

2    oppressively with the wrongful intention of injuring PLAINTIFF, and acted with an improper

3    and evil motive amounting to malice and/or oppression, and in conscious disregard for

4    PLAINTIFF's rights, and such acts were committed by, authorized by, and/or ratified by

5    officers, directors, and/or managing agents of Defendant.  PLAINTIFF is therefore entitled to

6    recover and herein prays for punitive damages in an amount sufficient to punish and deter

7    Defendant and others for such conduct.

8    103.   As a result of the conduct of Defendant, PLAINTIFF was forced to retain an

9    attorney in order to protect his rights.  Accordingly, PLAINTIFF seeks the reasonable attorneys'

10   fees and costs incurred in this litigation in an amount according to proof at trial.

11   WHEREFORE, PLAINTIFF prays for judgment as set forth below.

12

13   **PRAYER FOR RELIEF**

14   WHEREFORE, PLAINTIFF makes the following demand:

15   1.   That process be issued and served as provided by law, requiring Defendants,

16   and/or DOES 1 – 25, and each of them, to appear and answer or face judgment;

17   2.   For general, special, actual, compensatory and/or nominal damages, as against

18   Defendants and/or DOES 1 – 25, and each of them, in an amount to be determined at trial;

19   3.   For punitive damages in an amount to be determined at trial sufficient to punish,

20   penalize and/or deter Defendants, and/or DOES 1 – 25, and each of them, from further

21   engaging in the conduct described herein;

22   4.   For back pay, future pay, and other employment related benefits PLAINTIFF

23   would have been afforded but for Defendants' and/or DOES 1 – 25, and each of their, unlawful

24   conduct;

25   5.   For costs and expenses of this litigation;

26   6.   For reasonable attorneys' fees as provided by law;

27   7.   For pre and post-judgment interest on all damages and other relief awarded

28

<center>16</center>

herein from all entities against whom suc

8.    For all such other relief as

DATED:                          GE          T, LLP



**DEMAN**

Plaintiff hereby demands a trial b

both of them has a right to jury trial.

DATED:



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.   In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1)  MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3)  ARBITRATION .

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication  that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule  4.1 allows  for mediation  in lieu of judicial arbitration,  so long  as the parties  file a stipulation  to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be  resolved  through private  arbitration. Here, the parties  voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.   THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*)

FOR COURT USE ONLY

TELEPHONE NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)**

CASE NUMBER: _____

**DEPARTMENT 610**

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

☐ *Additional signature(s) attached*

ADR-2   10/18       **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**